IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

AARON P. BOSTWICK, SR.,                                                        CV. 11-152-KI

          Plaintiff,                                                          ORDER
   v.

OREGON DEPARTMENT OF
CORRECTIONS, et al.,

          Defendants.

KING, Judge

    Plaintiff, an inmate at Snake River Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court are plaintiff's amended complaint (#14), motion for preliminary injunction (#16), and motion for appointment of counsel (#19).

## BACKGROUND

    Plaintiff's amended complaint contains the following factual allegations. On July 21, 2010, plaintiff was placed in the Disciplinary Segregation Unit (DSU). On August 23, 2010, a

1 - ORDER

disciplinary hearing was held at which plaintiff was found guilty of "Unauthorized Organization I" (promoting a high risk security threat group). Plaintiff was sanctioned to 180 days in the DSU, to run from July 21, 2010, through January 16, 2011.

On January 14, 2011, two days prior to the expiration of his 180-day disciplinary sanction, plaintiff received notice of an administrative hearing concerning his placement in the Administrative Segregation Unit (Ad-Seg). On January 18, 2011, an administrative segregation hearing was held, resulting in the conclusion that plaintiff should be housed in Ad-Seg for a minimum of 90 days (from January 17, 2011 to April 16, 2011), to prevent plaintiff from impeding an investigation into whether he filed false tax returns.

Plaintiff complains that he has yet to be transferred to Ad-Seg. Instead, defendants continue to confine him in DSU. Plaintiff alleges that his continued confinement in DSU violates O.A.R. 291-105-0066(10)(a) (providing that no inmate shall be confined in DSU for more than 180 consecutive days). Additionally, plaintiff complains that while confined in DSU he is subjected to atypical and significant hardships including lockdown for 23 1/2 hours per day; he is placed in restraints whenever he leaves his cell; he has limited recreation time, restricted visitation, and no access to personal property.

///

2 - ORDER

**DISCUSSION**

Plaintiff alleges that his continued confinement in DSU violates his right to due process and constitutes cruel and unusual punishment.  As set forth in my previous order, in order to state an Eighth Amendment claim, plaintiff must allege that he was deprived of something "sufficiently serious", such that he has been deprived of the minimal civilized measure of life's necessities. Hudson v. McMillian, 503 U.S. 1, 9 (1992); Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009).  Plaintiff's allegations that he has been deprived of certain privileges allowed to inmates in Ad-Seg, and is confined in a more restrictive environment, does not create a plausible inference that he has been deprived of the minimal civilized measure of life's necessities.  Accordingly, plaintiff has failed to state an Eighth Amendment claim. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

However, given the highly fact-intensive determination of whether conditions of confinement are atypical and significant so as to give rise to a protected liberty interest, I conclude that plaintiff has alleged sufficient facts to state a due process claim.  See Jackson v. Carey, 353 F.3d 750, 756 (9th Cir. 2003) (determination of liberty interest best suited for summary judgment); Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996), amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998) (whether liberty interest exists requires "case by case, fact by fact

3 - ORDER

consideration"). Accordingly, the Clerk of the Court is directed to issue a waiver of service packet to defendants Williams, Nooth, Hannon, Real, and Jost.

However, in so holding, I do not conclude that plaintiff has demonstrated a likelihood of success on the merits so as to warrant a *mandatory* preliminary injunction against defendants who have yet to be served. See Jackson, 353 F.3d at 755 (noting the difference between stating a claim and demonstrating that recovery is likely); Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008) (plaintiff seeking preliminary injunction must demonstrate that he is likely to succeed on the merits); Marlyn Nutraceuticals, Inc. v. Mucos Pharam GmbH & Co., 571 F.3d 873, 879 (9th Cir. 2009) (mandatory injunction, which goes beyond maintaining the *status quo*, is particularly disfavored).

On the contrary, plaintiff has failed to demonstrate a likelihood that he will prevail in showing that conditions in DSU impose atypical and significant hardship in relation to the ordinary incidents of prison life, or that he was denied procedural due process at the January 18, 2011, hearing. See Myron v. Terhune, 476 F.3d 716, 718-19 (9th Cir. 2007), cert. denied, 552 U.S. 959 (2007) (confinement of prisoner in a higher level security facility than required by his security classification did not constitute an atypical hardship); Hudson v. Belleque, 2009 WL 2015396 (D.Or. July 6, 2009) (confinement in DSU for 84 days was

4 - ORDER

not an atypical and significant hardship).  As noted in my prior order, the mere fact that plaintiff's continued confinement violates a state regulation does not give rise to a constitutional claim.  Accordingly, plaintiff's motion for preliminary injunction is denied.

Additionally, plaintiff's motion for appointment of counsel is denied on the basis that plaintiff has failed to demonstrate that this is an exceptional case warranting the effort to locate *pro bono* counsel.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that claim two (violation of the Eighth Amendment) is DISMISSED, for failure to state a claim.  IT IS FURTHER ORDERED that plaintiff's motions for a preliminary injunction (#16), and for appointment of counsel (#19) are DENIED.  Plaintiff's Motion to Appear at Hearing by Telephone or Video (#18) is DENIED AS MOOT.

The Clerk of the Court is DIRECTED to send defendants (1) a waiver of service packet; (2) a copy of plaintiff's amended complaint (#14); and (3) a copy of this order.

IT IS SO ORDERED.

DATED this ____17th____ day of March, 2011.

/s/ Garr M. King
Garr M. King
United States District Judge