UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**AARON P. BOSTWICK, SR.,**                                    Civil Case No. 3:11-CV-00152-KI

              Plaintiff,                                                        OPINION AND ORDER

      v.

**OREGON DEPARTMENT OF**
**CORRECTIONS, et al.,**

                    Defendants.

        Aaron Bostwick, Sr.
        6870512
        Two Rivers Correctional Institution
        82911 Beach Access Rd.
        Umatilla, OR 97882-9419

                Pro se Plaintiff

        John R. Kroger
        Attorney General
        Jacqueline Kamins
        Assistant Attorney General

Page 1 - OPINION AND ORDER

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

     Attorneys for Defendants

KING, Judge:

     Plaintiff Aaron P. Bostwick, Sr. brings an action against defendants Oregon Department of Corrections employees Max Williams, Mark Nooth, Al Hannon, R. Real, and T. Jost for a violation of his due process rights under 42 U.S.C. § 1983. Pending before is defendants' Motion for Summary Judgment [47], to which plaintiff has not responded.

## FACTS

     I previously set out the facts in the Order denying plaintiff's motion for a preliminary injunction [20]. As a result, I do not reiterate them here.

## LEGAL STANDARDS

     Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the court "must view the evidence on summary judgment in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party." Nicholson v. Hyannis Air Service, Inc., 580 F.3d 1116, 1122 n.1 (9th Cir. 2009) (citation omitted).

## DISCUSSION

Defendants move for summary judgment against plaintiff's only remaining claim–that his temporary placement in disciplinary segregation (DSU), rather than administrative segregation (ASU), violated his Fourteenth Amendment right to due process.  I specifically advised plaintiff that he must file his opposition by May 9, 2012, and that failure to file an opposition might result in the entry of summary judgment terminating his case.  Plaintiff has failed to file an opposition.

In my previous Order denying plaintiff's motion for preliminary injunction, I allowed plaintiff's due process claim to proceed because of the "highly fact-intensive determination of whether conditions of confinement are atypical and significant so as to give rise to a protected liberty interest[.]"  Order 3.

Defendants have now proffered sufficient evidence to warrant entry of summary judgment in their favor.  Plaintiff's complaint was triggered when plaintiff was investigated for bringing contraband into the institution, plaintiff participated in a hearing, and a hearings officer concluded that plaintiff should be placed in administrative housing so as not to interfere with the investigation.  Plaintiff was placed in a DSU bed, on administrative hold status, for 50 days until he was assigned to the Intensive Management Unit.  The conditions in DSU are nearly identical to those in ASU, with the exception that inmates in ASU may obtain an orderly job and have a half hour longer recreation period.  Typically, inmates in ASU may also retain more of their personal property, but, since plaintiff was on administrative hold status, he was allowed to access his personal property.  Inmates in ASU also have access to televisions, a table in the indoor recreation yard, and a multi-station exercise machine in the outdoor yard.

Page 3 - OPINION AND ORDER

Plaintiff does not dispute defendants' evidence about the very small differences between DSU and ASU.  Based on this evidence, I grant defendants' motion for summary judgment and find plaintiff fails to state a claim for violation of his due process rights.  See Sandin v. Conner, 515 U.S. 472, 486 (1995) (no liberty interest implicated where "disciplinary segregation, with insignificant exceptions, mirrored those conditions imposed upon inmates in administrative segregation and protective custody").

**CONCLUSION**

For the foregoing reasons, defendants' Motion for Summary Judgment [47] is granted and this case is dismissed with prejudice.


IT IS SO ORDERED.

DATED this _____18th_____ day of June, 2012.


 /s/ Garr M. King_____
Garr M. King
United States District Judge